22-2953 Eastern Arkansas Twin Med v. Skyline Healthcare et al. Mr. Fedor. Good morning, Your Honors. Good morning. It's a pleasure to be here. May it please the Court. I would like to reserve five minutes for rebuttal as well, if I may. Thank you. This is not an ordinary appeal of a summary judgment motion and the granting of a summary judgment on a contract matter. There's a number of procedural issues, obviously, that were in play here, and things taken out of order, and things considered and not considered by the district court judge in this case. So I'd like to outline that. And there are certain things that are inconsistent with the rules of civil procedure, where we have motions, a summary judgment motion, filed prior to the filing of a second amended complaint. And I'd just like to go through the docket for a moment and point out what we believe to be error in the district court's findings. So docket number one was the original complaint filed in June of 2019. Docket 71 was your first amended complaint, which was filed in December of 2020. Obviously, all of this is clear on the docket that you have as part of the record. Docket number 89 is when plaintiffs filed their motion for summary judgment. That was filed February of 2021. After that, approximately eight months in docket number 116, a second amended complaint was filed. And throughout the periods of this time, there were jurisdictional issues that were contested and motions dismissed, which were filed. And those were each denied by the lower court, but they were never cleaned up in essence. And so they filed their motion for summary judgment. There was also a recusal midway in this case, and Judge Moody then took over the case. So we have the second amended complaint filed October of 2021. After that, eight months after the filing of the summary judgment motion, and then the summary judgment response docket number 133 was filed February of 2022. Now specifically, in March of 2022, the following month, in docket number 147, the court entered an explicit order where the discovery deadline was going to be extended for the deposition of one particular individual, the principal and owner of all the nursing homes, which are the defendants in this action, and it's related to the medical supply agreement. And so specifically, the discovery deadline was extended for the purposes of taking this deposition. That deposition took place about a month later on April 13th of 2022. The following day, counsel receives an email from a court saying, we're granting summary judgment. And even though the summary judgment motion deadline had been extended, and prior to the filing of the transcript of the deposition with the court, it had already been decided. And so we went about it anyways. We filed a response to a summary judgment motion. We filed our own summary judgment motion, and obviously the court ruled otherwise. We filed a motion for reconsideration, which was also granted and considered but upheld as well. And so given that the summary judgment motion, the summary judgment was granted on April 27th of 2022, it was granted on the second amended complaint. The summary judgment motion itself, though, filed by plaintiffs, was filed prior, eight months prior to the filing of that second amended complaint. And so there's obviously an issue of dispute there. How can the district court, lower court, make a finding on summary judgment when you have an additional amended complaint, which obviously in Will Sutter law, supersedes the first amended complaint? And so you have different complaints, and yet you have the pending summary judgment motion for quite a period of time. And so the district court grants summary judgment on the second amended complaint, even though it was filed at the time of the police first amended complaint had been pending, and it was eight months prior to the filing of the second amended complaint. And as the second amended complaint superseded the first, summary judgment should not have been granted on that basis. It wasn't before the court. Did the second amended complaint require leave to be filed? It did, and they never sought it. It was just filed, and it was considered. And summary judgment was granted on that. Were these issues raised in your motion for reconsideration? All of these issues were raised in the motion for reconsideration, specifically with regard to the timing of the extension of the discovery period, the extension of the discovery period for the sole purpose of taking my client's deposition, it's in the order itself, and for the extension of the time period to respond to the summary judgment motion. That was specifically stated. So when it denied the motion for reconsideration, did the district court have the transcript of the deposition? It did. Why doesn't that cure whatever procedural issues that you're suggesting occurred? Because the fact that the court had decided by way of e-mail the day after the deposition was taking place. But the court reconsidered that subject to your request, your motion, and then determined that it was going to do the same thing anyway, right? That's correct. That's correct. I would submit that the court did not take into account the deposition transcript and did not review it. Well, what's the evidence of that? I mean, you briefed it and it was rejected, right? That's correct. That would be my speculation. Okay. Thank you, Judge. So in the district court's order on the summary judgment motion, it failed to consider, cite, or discuss any of the facts brought forth by the deposition or was presented in a summary judgment motion. It relied upon two affidavits. The affidavit of the principal of the plaintiff, Stephen Rechnitz, who indicated as the principal and owner of the company that, yes, this took place, yes, this contract was entered into, and, yes, these are the damages. And there was a second individual that also submitted an affidavit, a gentleman by the name of Sam Rosenblum, who was formerly a defendant in the action, and yet he was taken off the hook by submitting an affidavit on behalf of plaintiffs saying, yes, I have the authority to enter into this agreement, I have the authority to execute a guarantee, and I agree with plaintiff's positions in this case. And so that is what the court relied upon. Didn't the court also, though, rely on the answer to one of the complaints where admissions were made? That's correct. The court did rely upon that, and at the time that answer was submitted and that question was admitted, that was accurate at the time the deposition changed that answer. Counsel, aren't those admissions binding unless they're withdrawn or amended? They are, Your Honor. They are. So how would a deposition change that? Well, if the court was going to consider evidence outside of the pleadings and the discovery, and if the court was going to rely upon the affidavits and its order for summary judgment, which it did in this case with Mr. Rechnitz and Mr. Rosenblum, then one would think the court would also consider the deposition of the defendant in this action. Thank you. But you have a binding admission in the answer, and then you have some equivocal, arguable denial of that same binding admission. You know, I'm not sure that that creates a fact question. Do you have any law that says it does? No, I do not, Your Honor. Thank you. I do not, but thank you. That's the question before the court. You're exactly right. Thank you. The second issue presented on the appeal surrounds the findings of damages by the lower court. And so we have the medical supply agreement was an agreement which consists of probably six to seven different states where there are nursing homes located around the country. They were in New Jersey. They were in South Dakota. They were in Nebraska and Kansas and whatnot. The complaint itself was between TwinMed Medical Supply Agreement Party and the Arkansas Nursing Homes only. None of the other departments Let me ask you, the damages question or issue that you raised in your briefs, we weren't able to find where that was raised to the district court. It wasn't, at least we didn't find it in response to the summary judgment motion or in the motion for reconsideration. Was the damages question that you raised before us raised to the district court? I think it was raised in the motions to dismiss related to jurisdictional issues previously. Complaints one, two, and or three. That's my speculation, Your Honor. Your speculation? Your guess? Not guess, but I believe that from my recollection. That seems like an odd place to raise a damage amount issue. Well, it wasn't necessarily a damages amount issue as much as the contacts with the state of Arkansas between Mr. Schwartz, the individual principal owner of the nursing homes, as well as the nursing homes outside of the state of Arkansas. It would have been raised in that capacity. But did you appeal those jurisdictional issues? We did not. So we would ask the court in wrapping up to remand this for either number one, a reconsideration of the motion for summary judgment and the findings by the court below, and the relationship between the amended complaint, second amended complaint, and the timing of the summary judgment motion followed by plaintiffs, and or alternatively to remand for a calculation or an evidentiary hearing on the actual damages in the case, which weren't considered, was relied upon solely by plaintiffs' affidavits. Thank you, Mr. Feeder. Thank you very much. Good morning, Ms. Baker. Good morning. May it please the court, my name is Karen Baker, and I'm here today on behalf of Appali Twin Med LLC. This is a case in which the appellate seek to reverse a summary judgment ruling from the lower court by, one, improperly raising arguments that were not before the lower court when that court ordered summary judgment, and that's the order from which this appeal arises. And also they're attempting to argue today that they can backtrack and contradict their own admissions by simply submitting conclusory and self-serving affidavits after the fact. Counsel, is there anything at issue today that was not, in your view, admitted in the answer? Your Honor, I don't believe so because the two primary issues that are before the court today are whether or not the contract was properly entered into between Twin Med and what I'll refer to as the entity defendants, all of the entities other than Mr. Schwartz individually. That's been admitted multiple times in their answers and, in fact, in Mr. Schwartz's deposition. The second primary issue is whether or not Mr. Schwartz personally guaranteed the debt on that medical supply agreement. He also admitted that in his answer. So I believe the primary issues here were admitted other than damages which were not raised below, and I can go into that, Your Honor, later as well. The issues here before the court, most of the issues upon which the appellates seek to reverse are regarding evidence that was not before the court when the summary judgment that is being appealed from was entered. Now, there were multiple orders in here, but there is one substantive order that's being appealed, and that's the summary judgment order that granted Twin Med's summary judgment. There was a later summary judgment filed by defendant. There was a later motion for reconsideration. The order that came and granted motion for consideration and that denied that motion for summary judgment and the evidence that was in those motions, those are not being appealed from here. You're not seeing any citation from error in this appeal based on those orders there. So it's not before the court. The primary evidence that you're hearing today about why there is a genuine issue of material fact created is Mr. Schwartz' deposition. That was not in the motion, in the response, or in the reply filed for Twin Med's summary judgment. So wait a minute. You're saying the denial of the motion for reconsideration is not before the court? It was not appealed from. It's not in one of the rulings presented for review by the appellants. It was none of the errors that were cited here come out of the order on that, Your Honor. So I believe those issues, if those issues were not raised before the court below when it granted that order, appellants cannot now come and raise error, raise issue. Well, wait a minute. Are you saying it's not before the court because it wasn't designated in the notice of appeal or the statement of issues that's attached to the notice of appeal? Your Honor, I believe under Rule 3 the judgment does subsume all the rulings of the court. I think Your Honor is correct. However, the rulings presented for review, so what was actually argued before this court in the briefing about why the court should reverse judgment all goes back to the order. That is the summary judgment order is the only one that was presented and the only errors from which it's cited. Yeah. I just don't remember whether his briefs talked about the motion for reconsideration or not. But he certainly references the deposition testimony. Certainly, Your Honor. And that was not before the court in the briefing at the time that the court considered Twin Med's summary judgment. Well, I think that may be part of his argument today is that the court extended discovery and then jumped the gun and ruled on the summary judgment motion even before a response had been filed, which does seem a little odd if that's true. At the time the court ordered summary judgment, it was April 27th of 22. The case had been pending for three years. The motion for summary judgment had been filed, I believe, almost a year before. A response had been filed by the appellants. They had submitted a declaration of Mr. Schwartz, which did not raise much of these issues, including a dispute about the personal guarantee, a dispute about entering into this agreement. That was before the court in a reply. So it had been fully briefed. Now, Mr. Schwartz was deposed shortly thereafter after a long and protracted attempt to depose him. The deposition testimony was filed of record, but it wasn't filed with those pleadings. And I believe Rule 5063 tells us that the court need only consider the cited materials before it. And I think that's what the court did here. It cited the materials that were in that fully briefed motion at that time. Now, again, I believe that testimony was properly put before the court later in a separate motion, a motion for reconsideration, a separate motion for summary judgment. But the court ruled on those, and that order was not appealed from here, in terms of there is no citation to error in that order the court later entered. What the appellants are asking is this court to reverse based on what is the summary judgment order on TwinMed. And we contend that that's improper because that does not ask this court to reverse based on what was not before the court at that time. That just seems pretty highly formalized. I mean, maybe that's right, but it seems like a pretty formal argument that in his briefs, Because I think Norm, you would agree with me, I think you just cited Rule 3, that the notice of appeal would cover any, you know, of the judgment, would generally cover any decisions that were made during the course of reaching the judgment, right? And so you're saying because he didn't mention in his briefing the motion for reconsideration as a point of error, that's not before us. Do I understand your argument right? Yes, Your Honor, because the court would have to find that the lower court erred based on arguments about what was presented after the fact. To look and determine whether the court erred then, the court would have to look at other orders that are not mentioned. There's no specific citation to those later orders in the appeal from which they identify some order or error in what the court considered, or what did not consider. And I'd submit in our briefing, we do actually identify that the court did consider the deposition testimony, and the court did say this is not enough in light of those prior admissions. This does not create that genuine issue of material fact there. So even if that is before the court, which we contend it's not, I believe the court properly considered and disregarded an attempt to create a genuine issue simply by contradicting your prior admission. Okay. That I understand. I wonder, do you have a case or anything that would support your initial proposition, which is that if they don't mention in their briefing the motion for reconsideration, they focus solely on the summary judgment order, then we don't have to consider the motion for reconsideration. Any case or anything that says that? Make it an easy case, if so. I think, Your Honor, we're just relying on the general proposition, more of the Greyhound lines, the Eighth Circuit case, just saying it's well settled law, the issues not raised below cannot be considered. And so when the argument here is that order specific. But it was raised below in the motion for reconsideration. Damages may be a different question, but. It was raised below, but not before the order from which they asked this court to reverse, I believe. But that's our position, is you can't attack this specific order. You can't attack the findings in this specific order based on things that happened later and based on evidence that was submitted later in order that considers that later. But that's our position, Your Honor. With respect to the specific evidence that was submitted, there was also no error in the court's finding in favor of TwinMed. The first was the breach of contract claim, and they contended that there was error there because the court did not consider Mr. Schwartz's later submitted deposition testimony that attacked the authority and the agency of Sam Rosenbaum who signed that agreement. Again, we have multiple omissions and an answer here that established that as a fact. So the court properly relied on that. But even if the court had considered the deposition testimony, in that deposition itself, Mr. Schwartz admitted again, consistent with those admissions, that the defendants entered into the medical supply agreement. The question was, your answer is still that the defendants entered into it. His response, correct. So we have very consistent there. It does not create a genuine issue of material fact to argue that the person that signed the contract that you then say is valid did not have the authority to sign the contract that's valid. Simply put, no reasonable jury could find that that makes sense and creates a genuine issue. The second specific point is related to this personal guarantee of Mr. Schwartz. Again, here we have an admission that was in an answer that he signed that personal guarantee there. At the time the court entered the summary judgment order, not only did it have the personal guarantee, there was an unverified response to request for admission that said Mr. Schwartz did not recall whether he signed that. We know from the Toe v. U.S. Court case that a lack of recollection, lack of memory, does not create a genuine issue. So the court properly granted summary judgment. Even if the court had considered Mr. Schwartz's deposition, we contend that would not create a genuine issue of material fact. And this is where the so-called habit evidence comes into play, Your Honors. They have argued that the lack of recollection combined with this conclusory and very generalized testimony by Mr. Schwartz that he has a habit or routine of not signing personal guarantees is sufficient to create a genuine issue of material fact. We would submit that that does not establish habit evidence. As a first issue, there is a question about what the standard of review on that is. It's our position that it would be abuse of discretion on an evidentiary ruling even at the summary judgment stage. I believe the Eighth Circuit case law is clear on that. We also have a separate case. It was not cited for this proposition, but Onnings v. Fullerton, Eighth Circuit case, that were at the summary judgment stage. The court did find that that was an abuse of discretion standard of review for that evidentiary ruling. But here, all we have that was submitted as evidence of this habit or routine was two conclusory sentences where Mr. Schwartz says, I don't sign any personal guarantees for my vendors. I've not signed one, none in my history. We believe that the controlling law in the Eighth Circuit as well as the rules in other circuits is this just doesn't create or show that there's a habit or routine. Rule 406 tells us that habit evidence is evidence of a person's regular practice of meeting a particular kind of situation with a particular kind of conduct. And so what that is is not merely the absence of any action, but evidence there's a regular practice of action and how someone specifically responds each time. Now, we have submitted a Rule 28J letter. There was a case that was primarily cited by appellants upon which they relied to say this was habit evidence that was later vacated. That's the Doe v. Chapman case. We contend that the Yellow Horse case out of the Eighth Circuit is on point and shows that in order to have habit evidence, you have to have this detailed testimony of a step-by-step procedure and what's done each time as a habit, as multiple times. We'd also point out that in appellant's brief, they've cited a case which we believe also is very helpful, the Morris v. Travelers case out of the Tenth Circuit. There, the court reversed summary judgment and said the evidence submitted did not establish a habit, so summary judgment was not proper for the party that proffered that or offered that because it provided no specific details and it did not show the usual routine of the insurance agent that offered that to explain that it offered coverage. And finally, Your Honors, with respect to the damages issue, this was not, as Your Honors pointed out earlier, this was not before the lower court. This was not argued. There was no evidence also presented in response to the proof put on by TwinMed. There was no proof met with proof. The record, if Your Honors see, there's absolutely no citation to testimony affidavit, anything that would show that they have challenged the damages, either the scope temporally or the actual parties as well. If Your Honors have no questions, I would ask that summary judgment be affirmed in favor of TwinMed LLC. Thank you. Thank you, Ms. Baker. Mr. Fedor, I think you have a little bit of rebuttal time, if you'd like. Thank you, but nothing further unless the panel has questions. Hearing none, thank you, Mr. Fedor. Thank you. We appreciate both counsel's appearance and argument today. The case will be decided in due course, and you may be dismissed. Thank you.